IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., WEST VIRGINIA
HIGHLANDS CONSERVANCY, INC.,
COAL RIVER MOUNTAIN WATCH, INC.
and SIERRA CLUB,

        Plaintiffs,

        v.                        CIVIL ACTION NO. 3:10-cv-833

COAL-MAC, INC., and MINGO LOGAN
COAL COMPANY,

        Defendants.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, FOR
DECLARATORY AND INJUNCTIVE RELIEF, AND TO SCHEDULE A HEARING ON
THE SCOPE OF INJUNCTIVE RELIEF

      Pursuant to Federal Rule of Civil Procedure 56, Plaintiffs move for summary judgment as to liability on their First and Second Claims for Relief in their Complaint for Declaratory and Injunctive Relief and for Civil Penalties. The specific issues posed by this motion are:

1. Whether, as alleged in Plaintiffs' First Claim for Relief, Defendant Coal-Mac, Inc., is liable for 440 days of violation of the Federal Water Pollution Control Act (hereinafter, the "Clean Water Act") and the terms and conditions of West Virginia/National Pollution Discharge Elimination System ("WV/NPDES") Permit Number WV1003763, as a result of the 29 instances identified in Appendix A to Plaintiffs' Complaint for Declaratory and Injunctive Relief and for Civil Penalties (Doc. # 1) where Defendant Coal-Mac, Inc.'s discharges exceeded the selenium effluent limitations in that permit.

2. Whether, as alleged in Plaintiffs' Second Claim for Relief, Defendant is liable for 440 days of violation of the Surface Mining Control and Reclamation Act ("SMCRA"), the West Virginia Surface Coal Mining and Reclamation Act ("WVSCMRA"), the implementing regulations under those statutes, and the terms and conditions of terms and conditions of West Virginia Surface Mining Permit S507492, as a result of the 29 instances identified in Appendix A to Plaintiffs' Complaint for Declaratory and

Injunctive Relief and for Civil Penalties (Doc. # 1) where Defendant's discharges exceeded the selenium effluent limitations in WV/NPDES Permit WV1003763.

A party is entitled to summary judgment when it shows that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  To survive a motion for summary judgment, the nonmoving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]"  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position.  Id. at 252.

As explained in Plaintiffs' memorandum in support of this motion, there are no genuine issues of material fact and Plaintiffs are entitled to judgment as a matter of law on the issue of liability in their First and Second Claims for Relief.  Plaintiffs respectfully request that the Court issue an order granting their motion for partial summary judgment, declaring Defendant Coal-Mac, Inc., to be in violation of the Clean Water Act and SMCRA, ordering Defendant Coal-Mac, Inc., to come into compliance with its selenium effluent limitations, and scheduling a hearing to determine the scope and terms of the injunctive relief.

Respectfully submitted,

/s/ Derek O. Teaney
DEREK O. TEANEY (WVSB # 10223)
JOSEPH M. LOVETT (WVSB # 6926)
Appalachian Ctr. for the Econ. & the Envt.
P.O. Box 507
Lewisburg, WV 24901
Telephone: (304) 793-9007
Fax: (304) 645-9008
E-mail: dteaney@appalachian-center.org