IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., et al.,

        Plaintiffs,

v.                                  CIVIL ACTION NO. 3:10-0833

COAL-MAC, INC., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiffs' Motion to Consolidate (ECF 93), Plaintiffs' First Motion in Limine (ECF 96), Defendants' Motion for Extension of Time (ECF 101), and Plaintiffs' Second Motion in Limine (ECF 114). Plaintiffs' motion to consolidate is **DENIED**. Defendants' motion is **GRANTED**, and their response was considered in the Court's analysis of Plaintiffs' first motion in limine. Plaintiffs' first and second motions in limine are **DENIED**; however, the Court limits Dr. Chapman's testimony as detailed below.

**I. DISCUSSION**

**A.**    **Plaintiffs' Motion to Consolidate**

Plaintiffs request that the Court consolidate the portion of this action (the "Huntington Action") relating to Defendants' WV/NPDES Permit WV1003763 with another action also pending in this Court before Judge Copenhaver. *United States v. Arch Coal, Inc.*, Civ. No. 2:11-cv-133 (the "Charleston Action"). The Charleston Action was filed by the United States and the states of West Virginia and Kentucky. Plaintiffs in that case seek to enforce Arch Coal's WV/NPDES permits, and

to resolve varying violations presented by Arch Coal's discharge of a number of pollutants, including selenium, in excess of the permit limits. The parties have submitted a proposed consent decree, and the United States has moved to have the consent decree entered. The plaintiffs in the Huntington Action have filed an identical motion to consolidate in the Charleston Action, and have also filed a motion to intervene in that case, both of which are pending.

Plaintiffs argue that consolidation is appropriate in light of significant overlap in the questions of law and fact between the two cases, including whether there was a violation of the selenium effluent limitations with respect to this permit, the proper scope of injunctive relief, varying technical issues regarding treatment, appropriate civil penalties, and the economic benefit to Coal-Mac as a result of its noncompliance. Defendant Coal-Mac opposes consolidation, asserting that as this Court has stayed the action with respect to Permit 1003763, there is nothing to be gained by consolidating the case.

The Fourth Circuit has outlined several factors a district court should consider in determining whether to grant a motion to consolidate. *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186 (4th Cir. 1982). "The critical question . . . [is] whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Id.* at 193. In light of these factors, Plaintiffs have failed to persuade this Court that consolidation will provide any additional benefits greater than those provided by the Court's stay of this action with respect to Permit 1003763.

First, the risk of inconsistent adjudications has been limited by the grant of stay. If the Consent Decree is entered in the Charleston Action, this Court will then evaluate the selenium plan contained in the Consent Decree to determine whether there remains "a realistic prospect that the [Clean Water Act] violations alleged in its complaint will continue notwithstanding the government-backed consent decree." *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 528–29 (5th Cir. 2008). If the Consent Decree is rejected by this Court's Charleston Division, then the claims associated with Permit 1003763 will be folded back into the current action. The Court does not foresee in either case a risk of inconsistent adjudication.

Second, rather than militating in favor of Plaintiffs' argument, the remaining factors lead this Court to conclude that consolidation of these cases, even in the limited form requested by Plaintiffs, is improper. The Consent Decree in the Charleston Action is the result of a three year negotiation period conducted by the parties, including negotiations regarding the specifics of Arch Coal's violations of the selenium limits of Permit 1003763. This is reflected by the detailed plan addressing the violations of the Permit 1003763 selenium limits contemplated by the proposed Consent Decree. In light of the extensive amount of time spent in developing the Consent Decree, stripping this issue from the Consent Decree context could increase the burden and costs on the governmental entities and Arch Coal, and they would "lose the benefit of that consolidated bargain." *Defs.' Resp.*, ECF 98, at 14.

Further, the Court does not see what benefit Plaintiffs will achieve through consolidation of these matters that either the review of the Consent Decree by the Charleston Division or the subsequent review by this Division would provide. The Charleston Division will review the Consent Decree to determine whether it is fair, reasonable, and in the public interest. If the Consent Decree

is entered, this Court will then determine whether or not violations of the selenium limits are likely to continue at Outfall 002 in spite of the Consent Decree. Accordingly, the interests represented by the Citizen-Plaintiffs in this action are already significantly protected. The increased confusion and prejudice to the parties in the Charleston Action greatly outweigh any benefit consolidation of these two actions could provide. Therefore, this motion is **DENIED**.

### B.   Plaintiffs' Motions in Limine

Both of Plaintiffs' motions in limine seek to exclude evidence and testimony by Defendants' expert Dr. Peter Chapman. Dr. Chapman is proffered by Defendants as an expert on environmental harm from selenium. Plaintiffs, in their first motion, seek to have his evidence and testimony excluded as irrelevant under Rules 401 and 403 of the Federal Rules of Evidence. To support this contention, Plaintiffs cite this Court's opinion in *Ohio Valley Environmental Coalition v. Apogee Coal Co.*, 3:07-cv-413 (S.D. W. Va. July 27, 2010). *See July 27, 2010 Order*, No. 3:07-cv-413, ECF 207, at 2. There, this Court restricted evidence with respect to environmental harm, stating that evidence of harm would not be permitted as the Court would "not allow the parties to argue as to the merits of existing water quality standards." *Id.* Plaintiffs urge the Court to similarly exclude Dr. Chapman's evidence and testimony as it is "tantamount to putting the selenium water quality standard on trial." *Pls.' Mot. in Limine*, ECF 96, at 2.

However, in the same Order Plaintiffs cite, this Court determined that evidence regarding the environmental harm presented by selenium is relevant to determining appropriate sanctions and the scope of injunctive relief. *July 27, 2010 Order*, No. 3:07-cv-413, ECF 207, at 2. The Court concludes that the opinions to be offered by Dr. Chapman in this action are similarly relevant to the

scope of injunctive relief and the appropriate sanctions in this action. As Defendants summarize in their reply to Plaintiffs' second motion in limine:

> While Dr. Chapman's report does not address the violative discharges at issue in this case, it is still relevant. . . . [S]elenium is distinguishable from other metals for which water quality-based effluent limits were promulgated. Due to the bioaccumulative nature of selenium, the effect of selenium on the aquatic environment cannot be presumed based upon a violation of the water quality standard. Thus, an understanding of selenium's effect on the aquatic environment is critical in determining whether Defendants' discharges of selenium harmed the aquatic environment.

*Defs.' Reply to Pls.' 2d Mot. in Limine*, ECF 119, at 6. Accordingly, Plaintiffs' first motion in limine is **DENIED**.

The Court does, however, limit Dr. Chapman's testimony to the opinions presented in his expert report. In their motion, Plaintiffs protest the fact that Dr. Chapman's expert report does not include information specific to the permits and outfalls at issue in this case. The Court concludes that allowing Dr. Chapman to supplement his opinion as to the effects of the selenium discharges on the permits and outfalls would be untimely and thus prejudicial to Plaintiffs at this stage in the litigation.[1] Accordingly, Dr. Chapman may only testify as to the general characteristics of selenium pollution as outlined in his report, and may not testify regarding the particular effects of the selenium discharges on the water bodies at issue here.

Plaintiffs' second motion in limine seeks to exclude Dr. Chapman's report under Rule 37 of the Federal Rules of Civil Procedure. An expert report may be excluded under this rule if it fails to comply with the requirements under Rule 26(a)(2). Plaintiffs contend that Dr. Chapman's report

---

[1] Plaintiffs have already deposed Dr. Chapman. Allowing a supplemental report at this stage would require an additional deposition, along with an expenditure of the increased time and costs associated with conducting the deposition.

is insufficient as it does not provide sufficient information to give Plaintiffs "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26(a)(2) advisory committee notes (1993 amend.). In particular, Plaintiffs challenge the opinions and bases for the opinions listed by Dr. Chapman in his report. Plaintiffs also contest the vagueness of Dr. Chapman's opinions.

While Dr. Chapman's report is brief, the Court agrees with Defendants that he explained a sufficient basis for his opinions by providing the publication citations. These publications provide significant context to the opinions stated in Dr. Chapman's report, and therefore eliminate the vagueness Plaintiffs protest. Further, as the Court has limited Dr. Chapman's testimony to the general opinions proffered in his report, and has precluded him from providing any testimony regarding the specific effects of the violative discharges at issue in this action, the Court concludes that Plaintiffs have sufficient information to prepare for cross examination and possible rebuttal witnesses. Accordingly, Plaintiffs' second motion in limine is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

    ENTER:    June 16, 2011

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE